**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00412-CR**
_____

**JUAN DAVID SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. F18-30854

**MEMORANDUM OPINION**

A grand jury indicted Juan David Sanchez for driving while intoxicated, third or more. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b). Pursuant to a plea bargain, Sanchez pleaded "guilty" to the offense. The trial court accepted Sanchez's guilty plea, found him guilty of driving while intoxicated, third or more, sentenced Sanchez to eight years of confinement, but suspended his sentence, placed him on community supervision for ten years, and assessed a $1,500 fine. The State filed a motion to revoke Sanchez's community supervision, alleging three violations of the terms of

1

his community supervision. At a hearing on the motion, Sanchez pleaded "true" to each of the allegations. The trial court found the evidence sufficient to find the allegations true, revoked Sanchez's community supervision, found Sanchez guilty of the offense of driving while intoxicated, third or more, and sentenced Sanchez to seven years of confinement. Sanchez timely appealed.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Sanchez to file a pro se brief, and we received no response from Sanchez.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new

2

counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's judgment.[1]

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on June 17, 2026
Opinion Delivered August 5, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1] Sanchez may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.